**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 30 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IVIN MOOD,<br><br>     Plaintiff-Appellant,<br><br> v.<br><br>CITY OF COSTA MESA, a municipal entity, in its official capacity; CITY OF NEWPORT BEACH, co-defendant municipality, in its official capacity,<br><br>     Defendants-Appellees. | No. 18-55184<br><br>D.C. No. 8:15-cv-01154-SVW-KK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Submitted November 27, 2018**

Before: CANBY, TASHIMA, and FRIEDLAND, Circuit Judges.

Ivin Mood appeals pro se from the district court's summary judgment in his

42 U.S.C. § 1983 action alleging constitutional claims related to his detentions and

arrests by officers of the City of Costa Mesa and the City of Newport Beach. We

---

 \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Starla Rollins v. Cmty. Hosp. of San Bernardino*, 839 F.3d 1181, 1185 (9th Cir. 2016). We affirm.

The district court properly granted summary judgment because Mood failed to raise a genuine dispute of material fact as to whether a policy or custom of Costa Mesa or Newport Beach caused him to suffer constitutional injuries. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (municipal liability under § 1983 requires execution of policy or custom that inflicts plaintiff's constitutional injury); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

The district court did not abuse its discretion by denying Mood's ex parte motion for an extension to conduct discovery because Mood failed to show how allowing additional discovery would have precluded summary judgment. *See Tatum v. City & County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006) (setting forth standard of review and requiring movant to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment").

We do not consider matters not distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett*

*v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**